IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| STANLEY WOFFORD, #K-84944, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-725 |
| | ) | |
| RICK SUTTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS IN PART**

NOW COMES Defendant, RICK SUTTON, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and moves to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). The defendant state as follows:

**INTRODUCTION**

The plaintiff, Stanley Wofford, an inmate incarcerated at Pinkneyville Correctional Center, brings this suit pursuant to 42 U.S.C. §1983 for alleged violations of his constitutional rights and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Specifically, the plaintiff contends that the defendant, Rick Sutton, chaplain at the Pinkneyville Correctional Center, violated his constitutional rights and his rights pursuant to RLUIPA when he allegedly wrongly refused him a vegan diet between April 2003 and May 2004. The plaintiff contends maintaining a vegan diet is a vital tenant of the African Hebrew Israelite religion of which he alleges he is a member. The plaintiff seeks, among other relief, compensatory damages.

## STANDARD OF REVIEW

When considering whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court takes the allegations in the Complaint as true, viewing all facts as well as any inferences reasonably drawn therefore – in the light most favorable to the plaintiff.  Mosely v. Klincar, 947 F.2d 1338 (7th Cir. 1991).  Dismissal for failure to state a claim should be granted if it appears "...beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519 (1972).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  Tarkowski v. Robert Bartlett Realty Co., 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1982).

## ARGUMENT

**1.     The plaintiff is not entitled to compensatory damages.**

Any claim for compensatory damages for injuries allegedly caused by the defendant is barred because plaintiff fails to allege any physical injury caused by defendant's alleged violations of his rights.  According to the Prison Litigation Reform Act (PLRA), an inmate may not bring a claim for mental or emotional damages without first establishing a physical injury.  42 U.S.C. §1997e(e).  The plaintiff has failed to show that he suffered any physical injury as a result of the defendant's actions.  The plaintiff is, therefore, not entitled to compensatory damages in this matter, and to the extent the plaintiff seeks such damages, his Complaint should be dismissed.

WHEREFORE, for the above and foregoing reasons, the defendant respectfully requests this Honorable Court grant his Motion to Dismiss the plaintiff's Complaint in part.

                Respectfully submitted,

                RICK SUTTON,

                    Defendant,

                LISA MADIGAN, Attorney General,
                State of Illinois

John J. Weathers, #6276137        Attorney for Defendant,
Assistant Attorney General
500 S. Second Street
Springfield, IL 62706
(217) 785-4555                By   /s/ John J. Weathers
                                          JOHN J. WEATHERS
                                          Assistant Attorney General

## **CERTIFICATE OF SERVICE**

John J. Weathers, Assistant Attorney General, hereby certifies that on August 5, 2005, he electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss in Part with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and he hereby certifies that on August 5, 2005, he mailed by United States Postal Service, the document to the following non-registered participant:

> Stanley Wofford, #K-84944
> Pinckneyville Correctional Center
> P.O. Box 999
> Pinckneyville, IL 62274

> Respectfully submitted,

> /s/John J. Weathers
> John J. Weathers, #6276137
> Assistant Attorney General
> 500 South Second Street
> Springfield, IL 62706
> Telephone: (217) 785-4555
> Facsimile: (217) 524-5091
> jweathers@atg.state.il.us