IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY WOFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  3:03-cv-725-JPG |
| | ) |
| CHAPLAIN RICK SUTTON, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert  pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1 (a) for a Report and Recommendation on the Motion to Dismiss in Part filed by the defendant, Chaplain Rick Sutton (Doc. 20), on August 5, 2005.  For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss in Part  be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

On November 9, 2004, the plaintiff, Stanley Wofford (Wofford), while an inmate at Pinckneyville Correctional Center, filed an Amended  Complaint pursuant to 42 U.S.C. §1983 (Doc. 8).  Wofford alleges that the defendant, Chaplain Rick Sutton, violated his rights under the 1st Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) by refusing to provide him with a vegan diet as required by the tenets of his religion. He furtheralleges alleges that he is a member of the African Hebrew Israelite Faith.  Wofford requests $10,000 in compensatory damages for mental anguish, emotional injury and pain suffered due to the violation of his rights.  He further seeks $10,000 in punitive damages and an

injunction, and any other relief as "it may appear" he is entitled (Doc. 8, p.8).

## CONCLUSIONS OF LAW

Defendant, Chaplain Rick Sutton, is seeking dismissal in part pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of plaintiff. Jet, Inc. v. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

Defendant argues that Wofford in not entitled to compensatory damages because he failed to allege that he suffered any physical injury.

The Prison Litigation Reform Act (PLRA) states:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

Prison Litigation Reform Act 42 U.S.C. § 1997e(e).

Section 1997e(e) merely limits the type of damages that can be recovered. Calhoun v. DeTella, 319 F.3d 936, 940 (7th Cir. 2003). Wofford prays for punitive damages, compensatory damages and unspecified relief as "it may appear" he is entitled (Doc. 8, p. 8). Wofford's prayer for relief can be read as requesting nominal damages. Nominal damages "are not compensation for loss of injury, but rather recognition of a violation of rights." Id. at 941 (citations omitted). Although he cannot recover damages for mental or emotional injury,

because he did not suffer a physical injury, he can recover nominal and punitive damages if a violation of the constitution is found.  Id. at 941.  "General" or "presumed" damages (damages awarded without proof of injury) are considered compensatory and can be recovered when a substantive constitutional right is infringed.  Hessel v. O'Hearn, 977 F.2d 299, 301-302 (7th Cir. 1992).

Wofford is asserting a violation of his 1st Amendment right to practice his religion and a violation of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).  A deprivation based solely on First Amendment rights is a cognizable injury.  See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999).  "A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental or emotional injury he may have sustained." Id. at 782.

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that defendant Chaplain Rick Sutton's Motion to Dismiss in Part  (Doc.20) be **DENIED**  and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 29, 2006.**

    s/ Donald G. Wilkerson
    **DONALD G. WILKERSON**
    **United States Magistrate Judge**