IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY WOFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:03-cv-725-JPG |
| ) | |
| CHAPLAIN RICK SUTTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter if before the Court on the Motion for Leave to File Second Amended Complaint (Doc. 24) filed by the plaintiff, Stanley Wofford, on August 25, 2005, the Motion for Leave to File Third Amended Complaint (Doc. 25) filed Stanley Wofford**,** on September 26, 2005, and the Motion for Leave to File Fourth Amended Complaint (Doc. 26) filed by Stanley Wofford on November 26, 2005.   The Motions are **GRANTED**.

Wofford filed his Amended Complaint on November 9, 2004 (Doc. 8).  Wofford alleges that the defendant, Chaplain Rick Sutton, violated his rights under the 1st Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) by refusing to provide him with a vegan diet as required by the tenets of his religion.  Wofford alleges that he is a member of the African Hebrew Israelite Faith.   The District Court issued an Order referring the case to the undersigned on May 26, 2005 (Doc. 11).   Defendant filed an Answer to the Amended Complaint on August 5, 2005 (Doc. 19).  In his Motion for Leave to File a Second Amended Complaint (Doc. 24), Wofford seeks to amend the damages portion of his Amended Complaint. In his Motion for Leave to File Third Amended Complaint (Doc. 25), Wofford seeks to correct a typographical error in the damages portion of his Second Amended Complaint (he seeks to

reduce the amount of damages he requested).  In his Motion for Leave to File Fourth Amended Complaint (Doc. 26), Wofford seeks to change his original request for a jury trial to a bench trial.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."  Guise v. BWM Mortage, LLC., 377 F. 3d 795, 801 (7th Cir. 2004).  The granting or denying of a motion to amend is reviewed for an abuse of discretion.  Butts v. Aurora Health Care Inc., 387 F. 3d 921, 925 (7th Cir. 2004).   The defendant has not filed objections to these motions and there appears to be no undue delay, bad faith, dilatory motive, prejudice, or futility.   The Court is firmly convinced that there can be no prejudice to the defendants as the proposed amended complaints do not materially affect Wofford's basic complaint, that his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) were violated, and does not add other parties.   Although Wofford has not complied with Local Rule 15.1 that requires new material in an amended pleading to be underlined**,** he has reproduced the original Amended Complaint and all the changes he seeks to make are on the last page.  Such an error can be excused because of his *pro se* status.  Gree v. Board of Education of City of Chicago, Illinois, 267 F. 3d 723, 727 (7th Cir. 2001) (stating that the "essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable" (citation omitted)).

Based upon the foregoing, Wofford's Motion to for Leave to File Second Amended Complaint (Doc. 24)**,** Motion for Leave to File Third Amended Complaint (Doc. 25), and

Motion for Leave to File Fourth Amended Complaint (Doc. 26) are **GRANTED**.  The Clerk is

**DIRECTED** to docket the Second, Third and Fourth Amended Complaints.

**DATED: March 29, 2006.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
