IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY WOFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:03-cv-725-JPG |
| ) | |
| CHAPLAIN RICK SUTTON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1 (a) for a Report and Recommendation on the Motion for a Preliminary Injunction (Doc. 15) filed by the plaintiff, Stanley Wofford, on June 14, 2005. For the reasons set forth below, it is **RECOMMEND** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Wofford's 42 U.S.C. § 1983 suit alleges that the defendant, Chaplain Rick Sutton, violated his rights under the 1st Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by refusing to provide him with a vegan diet as required by the tenets of his religion. In his Motion for a Preliminary Injunction, Wofford alleges that correctional officers who work in the same prison as the defendant, Chaplain Rick Sutton, have retaliated against him by seizing his legal exhibits, including file stamped copies. Wofford filed an almost identical motion on September 16, 2004 (Doc. 7). The previous motion for a preliminary injunction was denied by the District Court in the Memorandum and Order dated May 26, 2005

(Doc. 11).  The District Court found that Wofford's allegations in the motion for preliminary injunction had "no bearing or relation to the religion claim he brings in this action." (Doc. 11, p. 3).  Defendant, Chaplain Rick Sutton, objects that Wofford's motion is directed to issues outside the parameters of this action and that plaintiff does not contend that the defendant confiscated the documents or possess or controls them.

## CONCLUSIONS OF LAW

> The purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of the lawsuit.  In assessing whether a preliminary injunction is warranted, the party seeking the injunction must demonstrate that: 1) it has a reasonable likelihood of success on the merits of the underlying claim; 2) no adequate remedy at law exits; and 3) it will suffer irreparable harm if the preliminary injunction is denied.  If the court is satisfied that these three conditions have been met, it then must consider whether the irreparable harm the applicant will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted.  In addition, the court must determine whether the preliminary injunction will harm the public interest.

Anderson v. U.S.F. Logistics (IMC), Inc., 274 F. 3d 470, 474-475 (7th Cir. 2002) (internal citations omitted).  The purpose of a preliminary injunction is to reduce the hardship endured by the parties pending the ultimate resolution of the case.  Faheem-El v. Klincar, 841 F. 2d 712, 717 (7th Cir. 1998).

In this case, Wofford seeks injunctive relief on matters bearing no direct relationship to the merits of the litigation or this defendant.  This is the second time Wofford has requested this relief based on the same reasoning.  Therefore, there is no basis to reconsider the reasoning in the Court's earlier ruling (Doc. 11).

For the reasons set forth above, it is the **RECOMMENDATION** that the Motion for

Preliminary Injunction (Doc. 15) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 30, 2006.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
